**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3131

_____

QUENTIN SALMOND,
                              Appellant

v.

NATHAN WILLIAMS; THE PHILADELPHIA POLICE DEPARTMENT;
THE PHILADELPHIA DISTRICT ATTORNEY OFFICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-03806)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2024

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: January 2, 2025)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Quentin Salmond, a state prisoner proceeding pro se, appeals an order of the District Court dismissing his complaint. For the reasons that follow, we will affirm.

In 2014, Quentin Salmond was convicted of third-degree murder and conspiracy in Pennsylvania state court. Last year, he filed a complaint pursuant to 42 U.S.C. § 1983 against the Philadelphia Police Department, the Philadelphia District Attorney's Office, and former police officer Nathan Williams. Salmond claimed that the defendants failed to disclose exculpatory cell phone records obtained during the criminal investigation. He averred that phone records received by Williams would prove that he was not in the area of the homicide when it occurred and that he did not communicate with anyone involved. Salmond also alleged that an informant told Williams that Salmond confessed to the murder at a location in Philadelphia, but the records would show that he was not in Philadelphia at that time.

Salmond claimed that Williams, among other things, maliciously prosecuted him, falsely testified at trial that he did not know the results of an investigation into the phone records, and violated Brady v. Maryland, 373 U.S. 83 (1963). He also claimed violations of his rights by the District Attorney's Office and the Police Department for failing to provide the phone records and/or information about deals with the informant. Salmond further claimed that the District Attorney's Office and the Police Department continued to violate his rights post-conviction by denying his requests for this information, and information regarding misconduct by Williams, under Pennsylvania's Right-to-Know

2

Law.  Salmond sought money damages and declaratory and injunctive relief, including an order compelling the defendants to furnish the alleged Brady material.

The District Court screened Salmond's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim for relief.  The District Court ruled that Salmond's claims were barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), and its progeny, which prohibit actions under § 1983 where success would necessarily imply the invalidity of a conviction or sentence, unless the conviction or sentence has been invalidated.  The District Court dismissed the complaint without prejudice to re-filing in the event Salmond's sentence was invalidated.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review of the dismissal of a complaint under § 1915(e)(2).  Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

Salmond appears to concede on appeal that his monetary claims are barred by Heck.  He argues that his action to compel the defendants to produce evidence is not barred because a favorable ruling would not necessarily imply the invalidity of his conviction.  Salmond states that his conviction may be overturned later, but only after further proceedings in state court.  This argument lacks merit.  As the District Court stated, Salmond's constitutional claims stem from an alleged failure to disclose evidence in violation of Brady.  Because "Brady evidence is, by definition, always favorable to the defendant and material to his guilt or punishment," a successful Brady claim "necessarily

3

yields evidence undermining a conviction." Skinner v. Switzer, 562 U.S. 521, 536 (2011). The Heck bar applies "no matter the relief sought (damages or equitable relief)." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Salmond's other arguments on appeal are unavailing. Salmond likens his request for evidence to a request for DNA testing, which may be pursued in a § 1983 action. However, unlike a Brady violation, DNA testing may not yield favorable evidence. See Skinner, 562 F.3d at 525. Salmond also asserts that the District Court erred in dismissing his malicious prosecution claim based on false testimony at trial, but a claim for malicious prosecution is barred under Heck. Heck, 512 U.S. at 484-86. In addition, Salmond's contention that the District Court showed bias when it commented in its opinion on the facts related to his claims is meritless.

Salmond also appears to argue that the responses to his requests for records under Pennsylvania's Right-to-Know Law by the District Attorney's Office and the Police Department violated his right to procedural due process, and that the statute is constitutionally infirm. The Right-to-Know Law, however, provides for judicial review in state court. See 65 Pa. Stat. § 67.1302.(a). Where a state has provided seemingly adequate procedural protections, a plaintiff cannot skip that process and seek relief in federal court. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Finally, Salmond contends that the District Court should have afforded him leave to amend his complaint, but he has not called into question the District Court's conclusion that amendment would be futile.

4

Accordingly, we will affirm the judgment of the District Court.